# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ADDUCCI,<br><br>        Plaintiff,<br><br>    v.<br><br>KELLY HARRINGTON, et al.,<br><br>        Defendants._____/ | CASE NO. 1:07-cv-00762-AWI-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Anthony Adducci ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 24, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claim

Plaintiff is currently housed at Salinas Valley State Prison. On June 12, 2006, while Plaintiff was housed at Wasco State Prison, he was moved from administrative segregation, where he was classified as "protective custody" or "sensitive needs," to an active general population yard by Defendants Christian, Lawless, and Brockett. Plaintiff was stabbed nine times, requiring emergency medical treatment at an outside facility. Plaintiff alleges that Defendants Christian, Lawless, Brockett, Sandoval, Schwarzenegger, and Harrington are liable for the violation of his constitutional rights, and he is seeking money damages.

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of

serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

The failure to protect a prisoner from harm at the hands of other prisoners may support a claim under section 1983 for violation of the Eighth Amendment. However, Defendants may only be held liable for the attack on Plaintiff if they acted with deliberate indifference. Although Plaintiff alleges deliberate indifference, he does not allege any specific facts in support of his claim. A conclusory assertion of deliberate indifference is insufficient to give rise to a cognizable claim. The Court will provide Plaintiff with the opportunity to file an amended complaint. While Plaintiff's allegations need not and should not be lengthy, Plaintiff must allege specifically what each named defendant did or did not do with respect to the violation of Plaintiff's rights.

In amending, Plaintiff is cautioned that he may not seek to impose liability on Governor Schwarzenegger and Warden Harrington because they hold positions of authority. "[T]here is no pure *respondeat superior* liability under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

**III.     Conclusion**

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d

227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 16, 2008**                   /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE