# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ADDUCCI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KELLY HARRINGTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00762-AWI-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST<br><br>(Doc. 12)<br><br>THIRTY-DAY DEADLINE |

### Order to Show Cause

Plaintiff Anthony Adducci ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 24, 2007. On April 16, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on May 8, 2008.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

1    "Proper exhaustion demands compliance with an agency's deadlines and other critical
2 procedural rules . . ," <u>Woodford v. Ngo</u>, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006), and the exhaustion
3 requirement may *not* be satisfied "by filing an untimely or otherwise procedurally defective . . .
4 appeal," <u>id</u>. at 83-4. In this instance, the event giving rise to Plaintiff's claims occurred on June 12,
5 2006, and Plaintiff submitted an inmate appeal of the issue on August 30, 2006. The appeal was
6 screened out in relevant part because it was not filed within fifteen working days of the incident, in
7 compliance with the applicable regulation. Cal. Code Regs., tit. 15 § 3084.6(c) (2008). Thus, it
8 appears Plaintiff did not exhaust. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003). Plaintiff
9 will be provided with the opportunity to show cause why dismissal for failure to exhaust should not
10 occur. <u>See</u> <u>Moore v. Bennette</u>, 517 F.3d 717, 725 (4th Cir. 2008) (inmate should be given
11 opportunity to address the issue prior to sua sponte dismissal).
12    Accordingly, within **thirty (30) days** from the date of service of this order, Plaintiff shall
13 show cause why this action should not be dismissed based on his failure to exhaust in compliance
14 with section 1997e(a).

16 IT IS SO ORDERED.
17 **Dated:   October 7, 2008**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE