# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ADDUCCI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KELLY HARRINGTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00762-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON AMENDED COMPLAINT AGAINST DEFENDANTS LAWLESS, CHRISTIAN, BROCKETT, AND SANDOVAL ON EIGHTH AMENDMENT PERSONAL CAPACITY CLAIMS, AND OFFICIAL CAPACITY CLAIMS AND SUBSTANTIVE DUE PROCESS CLAIM BE DISMISSED<br><br>(Doc. 12)<br><br>OBJECTION DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.    Procedural History**

Plaintiff Anthony Adducci ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 24, 2007, and the Court dismissed his complaint, with leave to amend, for failure to state a claim on April 16, 2008. Plaintiff filed an amended complaint on May 8, 2008. Because Plaintiff's allegations suggested he failed to exhaust in compliance with 42 U.S.C. § 1997e(a), the Court ordered Plaintiff to show cause why this action should not be dismissed on October 7, 2008. Plaintiff filed a response on October 31, 2008, and in a separate order, the Court discharged the order to show cause.

///

///

II. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

III. **Summary of Claims**

The events at issue in this action occurred at Wasco State Prison, where Plaintiff was housed at the time. Plaintiff is seeking money damages following an attack against him by another inmate during which he was seriously injured. Plaintiff alleges that he is a protective custody, or sensitive needs yard, inmate, and Defendants Lawless, Christian, Brocket, Sandoval, and numerous unidentified Doe defendants were responsible for knowingly causing him to be housed in contravention of his classification, which led to the attack.

    A. **Official Capacity Claims**

Plaintiff alleges that he is suing Defendants in their personal and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); also Hydrick v. Hunter, 500 F.3d 978, 986-87 (9th Cir. 2007).

1  Because Plaintiff may not seek money damages from Defendants in their official capacities, his
2  official capacity claims must be dismissed and this action should proceed only on the personal
3  capacity claims.

### B. Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In light of federal notice pleading standards, the Court finds that Plaintiff's allegations are sufficient to state a claim against Defendants Lawless, Christian, Brocket, and Sandoval. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).

Although Plaintiff also asserts that his rights under the Fourteenth Amendment were violated, to the extent that Plaintiff is attempting to raise a separate claim for violation of the substantive component of the Due Process Clause, the claim is barred because the Eighth Amendment more specifically provides protection against the violation at issue in this action. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

### IV. Conclusion and Recommendation

Plaintiff's amended complaint states a cognizable claim for violation of the Eighth Amendment against Defendants Lawless, Christian, Brocket, and Sandoval in their personal capacities. However, Plaintiff's official capacity claims are barred by the Eleventh Amendment, and Plaintiff is precluded from pursuing a substantive due process claim. Neither of these deficiencies
///

is capable of being cured through amendment, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and the Court THEREFORE RECOMMENDS that:

    1. This action proceed as one for damages on Plaintiff's amended complaint, filed May 8, 2008, against Defendants Lawless, Christian, Brocket, and Sandoval in their personal capacities for violation of the Eighth Amendment;

    2. Plaintiff's official capacity claims be dismissed; and

    3. Plaintiff's Fourteenth Amendment substantive due process claim be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 15, 2008**              /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE