# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ADDUCCI,<br><br>             Plaintiff,<br><br>     v.<br><br>KELLY HARRINGTON, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:07-cv-00762-AWI-SMS PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND REQUIRING PLAINTIFF TO COMPLY WITH ORDER WITHIN THIRTY DAYS<br><br>(Doc. 24)<br><br>ORDER DIRECTING CLERK'S OFFICE TO CHANGE PLAINTIFF'S ADDRESS OF RECORD TO IRONWOOD STATE PRISON AND RE-SERVE DOC. 22 |

Plaintiff Anthony Adducci, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 24, 2007. On April 27, 2009, the Court issued an order authorizing service of Plaintiff's amended complaint, and requiring Plaintiff to fill out and return the USM-285 forms and summonses within thirty days. On June 30, 2009, after more than thirty days passed and Plaintiff failed to comply with or otherwise responded to the Court's order, Plaintiff was ordered to show cause within fifteen days why this action should not be dismissed. Plaintiff filed a response on August 31, 2009. Although untimely, the Court will consider Plaintiff's response.

Based on Plaintiff's representations, the Court will exercise leniency and discharge the order to show cause. Plaintiff is required to comply with the order of April 27, 2009, within thirty days from the date of service of this order.

///

1

In his response, Plaintiff seeks the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause, filed June 30, 2009, is DISCHARGED;
2. Plaintiff's motion for the appointment of counsel is DENIED;
3. Plaintiff shall comply with the Court's order of April, 27, 2009, within **thirty (30) days**;
4. The Clerk's Office shall change Plaintiff's address to Ironwood State Prison and re-serve document 22 on Plaintiff.

IT IS SO ORDERED.

**Dated:   September 2, 2009**          /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE