1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ADDUCCI, | CASE NO. 1:07-cv-00762-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS THE CLAIM AGAINST |
| v. | SANDOVAL FOR FAILURE TO STATE A CLAIM BE GRANTED, AND DEFENDANTS' |
| KELLY HARRINGTON, et al., | MOTION TO DISMISS THIS ACTION FOR |
| Defendants. | FAILURE TO EXHAUST BE GRANTED |
| | (Doc. 41) |
| | THIRTY-DAY OBJECTION PERIOD |

_____/

### Findings and Recommendations Addressing Motion to Dismiss

**I.    Procedural History**

Plaintiff Anthony Adducci, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 24, 2007.  This action is proceeding on Plaintiff's amended complaint, filed May 8, 2008, against Defendants Lawless, Christian, Brocket, and Sandoval for failing to protect Plaintiff from harm, in violation of the Eighth Amendment.

On March 24, 2010, Defendants filed a motion seeking to dismiss Defendant Sandoval for failure to state a claim and to dismiss the action for failure to exhaust.  Fed. R. Civ. P. 12(b).  On May 20, 2010, after obtaining an extension of time, Plaintiff filed a statement of non-opposition to the dismissal of Defendant Sandoval and an opposition to the dismissal of the action for failure to

1  exhaust.[1]  Defendants filed a reply on June 4, 2010, and the motion was deemed submitted.  Local

2  Rule 230(l).

3  **II.    Motion to Dismiss for Failure to State a Claim**

4       **A.    Legal Standard**

5       "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," <u>Schneider v. California</u>

6  <u>Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain

7  statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2).

8  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

9  to 'state a claim that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)

10  (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); <u>Moss</u>

11  <u>v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls

12  short of meeting this plausibility standard.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.

13       Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

14  cause of action, supported by mere conclusory statements, do not suffice," <u>Iqbal</u>, 129 S.Ct. at 1949

15  (citing <u>Twombly</u>, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences,"

16  <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

17  citation omitted).

18       **B.    Discussion**

19       Defendants move for dismissal of the claim against Defendant Sandoval on the ground that

20  Plaintiff failed to allege sufficient facts to support the claim that Sandoval violated his constitutional

21  rights.  In response, Plaintiff filed a statement of non-opposition to the dismissal of Defendant

22  Sandoval for failure to state a claim.  (Doc. 47, Opp., 7:7-9.)  The Court agrees that the amended

23  complaint fails to state a cognizable claim for relief against Defendant Sandoval, and it recommends

24  that Defendants' unopposed motion to dismiss the claim be granted. Fed. R. Civ. P. 8(a); <u>Iqbal</u>, 129

25  ///

26  ///

27

28       [1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 5, 2009.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 36-1.)

1  S.Ct. at 1949-50; Moss, 572 F.3d at 969.  In light of Plaintiff's non-opposition to the dismissal of

2  Defendant Sandoval, the Court recommends dismissal without leave to amend.[2]

3  **III.   Motion to Dismiss for Failure to Exhaust**

4      **A.   Legal Standard**

5      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

6  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

7  confined in any jail, prison, or other correctional facility until such administrative remedies as are

8  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

9  administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19

10  (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

11  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

12  Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement

13  applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992

14  (2002).

15      The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under

16  which the defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549

17  U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is

18  subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look

19  beyond the pleadings and decide disputed issues of fact.  Morton v. Hall, 599 F.3d 942, 945 (9th Cir.

20  2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust,

21  the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427

22  F.3d 1164, 1175-76 (9th Cir. 2005).

23      **B.   Defendants' Position**

24      The California Department of Corrections and Rehabilitation has an administrative remedy

25  process which allows prisoners to appeal any departmental decision, action, condition, or policy

26  which has an adverse effect on them.  Cal. Code Regs., tit. 15 § 3084.1(a) (2010).  The process is

27

28      [2] Further, as set forth in section III, this action is subject to dismissal in its entirety for failure to exhaust.

initiated by submitting a CDCR Form 602.  Tit. 15, § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  § 3084.5.  Appeals must be submitted within fifteen working days of the issue being appealed, and the process is initiated by submission of the appeal to the informal level or to the first formal level if the informal level is waived.  §§ 3084.5, 3084.6( c).

Plaintiff's Eighth Amendment claim arises from an incident on June 12, 2006, in which he was stabbed nine times by other inmates on the exercise yard at Wasco State Prison.  Plaintiff, a sensitive needs yard inmate who was housed in administrative segregation at the time, alleges that Defendants failed to protect him when they released him to a general population exercise yard within administrative segregation.  Defendants move for the dismissal of Plaintiff's claim against them on the ground that he failed to file a timely appeal of the June 12, 2006, incident, as required by section 1997e(a).

Defendants submit evidence that between June 12, 2006, and May 8, 2008, Plaintiff filed three appeals at Wasco State Prison.  (Doc. 41-2, Motion, Ortega Dec., ¶4.)  Two of those appeals concerned the stabbing incident, but they were screened out as untimely.[3]  (Ortega Dec., ¶¶5, 6.)  Plaintiff also filed three appeals at Salinas Valley State Prison during the same time period.  (Doc. 41-3, Medina Dec., ¶4.)  None of those appeals concerned the stabbing incident and none were accepted for review.  (Medina Dec., ¶5.)  Finally, Plaintiff submitted two appeals to the Director's Level of review.  One appeal, which was accepted for review, concerned quarterly packages at Salinas Valley State Prison.  (Doc. 41-1, Foston Dec., ¶3; Doc. 41-3, Ex. E, court record pp. 6-7.)  The other appeal was screened out because the second level of review was not completed.  (Foston Dec., ¶4.)

In light of the evidence submitted, the Court finds Defendants have met their burden by demonstrating Plaintiff's apparent failure to exhaust his Eighth Amendment claim against them.  To defeat Defendants' motion, Plaintiff must demonstrate that he exhausted or that the administrative

///

---

[3] The third appeal concerned the transfer of Plaintiff's funds to another prison.  (Ortega Dec., ¶7.)

1  remedy process was unavailable to him through no fault of his own.  Sapp v. Kimbrell, 623 F.3d 813,

2  822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

3  **C.   Plaintiff's Position**

4          In his unverified opposition, Plaintiff contends that he exercised due diligence in attempting

5  to appeal the incident and that he exhausted the state remedies.[4]  Plaintiff states that he submitted

6  three appeals on or before August 30, 2006, the first of which was submitted on June 24, 2006, but

7  they were lost.  (Opp., 3:22-25.)  Plaintiff states that he was threatened with placement on an active

8  yard if he continued to pursue action based on the June 12, 2006, incident and that once he was

9  transferred to Salinas Valley State Prison, he succeeded in submitting an appeal that was not lost,

10 although it was rejected as untimely.[5]  (Id., 3:26-4:6.)

11         Plaintiff contends that he was under extreme duress and feared for his life during this time,

12 and that he submitted a well-written, self-explanatory appeal setting forth all the necessary

13 information for processing.  (Id., 4:25-5:1.)  Plaintiff contends that he was never told in the response

14 to his appeal that he could not proceed due to the time restriction, and that because his previous three

15 appeals were lost or unprocessed, his untimely appeal was allowable.  (Id., 5:1-6.)

16         In support of his opposition, Plaintiff submits his declaration, in which he attests that he

17 submitted at least three appeals prior to August 30, 2006, including one on June 24, 2006, but all of

18 them were lost, and that he was threatened with placement on an active yard if he continued to

19 pursue action against the officers involved in the incident. (Doc. 48, Adducci Dec., ¶¶1-3.) Plaintiff

20 attests that once he transferred to Salinas Valley State Prison, he was able to file an appeal on August

21 30, 2006, but he was unsuccessful due to the time restriction, despite his vigorous attempts to appeal.

22 (Adducci Dec., ¶4.)  Plaintiff also attests that he was under extreme duress and feared for his life

23 during his "opportunity to exhaust."  (Adducci Dec., ¶5.)

24 ///

25

26         [4] Pleadings and oppositions must be verified to constitute opposing affidavits.  Moran v. Selig, 447 F.3d
27 748, 759-60 (9th Cir. 2006).

28         [5] Plaintiff transferred on July 27, 2006.  (Doc. 12, Amend. Comp., p. 21.)

1        **D.**    <u>**Discussion**</u>

2        In his complaint, which is verified, Plaintiff alleges that he exhausted the administrative

3    remedy process by asking for monetary compensation and all documentation relating to the incident.

4    (Doc. 12, Amend. Comp., § II.)  Plaintiff's request was eventually denied and he received a letter

5    from Warden Kelly Harrington requesting no further contact.  (<u>Id.</u>)

6        A review of the appeals attached to the amended complaint demonstrates that on August 30,

7    2006, Plaintiff filed an appeal grieving the incident on June 12, 2006, in which he was stabbed. (<u>Id.</u>,

8    court record pp. 22-23.)  As relief, Plaintiff sought money based on staff negligence and mental

9    anguish.  (<u>Id.</u>)  In a screening form dated September 12, 2006,  the appeals coordinator at Wasco

10   State Prison returned Plaintiff's appeal to him and informed him that (1) his appeal could not be

11   processed as written because he was seeking money damages, and (2) the fifteen-day time limit for

12   filing appeals had expired.  (<u>Id.</u>, p. 21.)  The form contains a notice at the bottom that states, "This

13   screening decision may not be appealed.  If you feel that the above reason(s) is inaccurate, please

14   return this form with your appeal and an explanation as to why you feel this screening action is

15   incorrect.  Your argument will be reviewed and the appeal will be reevaluated."  (<u>Id.</u>)

16       On September 26, 2006, a second screening decision was issued.  (<u>Id.</u>, p. 24.)  That decision

17   stated, "You have returned your appeal which was screened and returned to you on September 12,

18   2006.  Since you have not attached any additional information or any reason why you have returned

19   your appeal, it is being returned to you and will not be processed."  (<u>Id.</u>)

20       On October 11, 2006, Plaintiff submitted another appeal in which he grieved the incident and

21   as relief sought all documentation concerning the incident.  (<u>Id.</u>, p. 25.)  In response, Warden Kelly

22   Harrington wrote a letter, dated October 26, 2006, in which he addressed Plaintiff's requests for

23   information, and informed Plaintiff that because the time period within which to appeal had expired,

24   his appeal could not be processed.  (<u>Id.</u>, p. 27-8.)  In closing, Warden Harrington told Plaintiff that

25   no further correspondence with Wasco State Prison was warranted.  (<u>Id.</u>)

26       Finally, on April 4, 2007, Plaintiff sent a letter to the Director's Level of appeal in

27   Sacramento requesting consideration of his appeal.  (<u>Id.</u>, p. 20.)  Plaintiff stated that he was

28   ///

6

1    attempting to exhaust his appeal dated August 30, 2006, but his appeal had been screened out at

2    every attempt. (Id.)

3          Exhaustion is mandatory and unexhausted claims must be dismissed. Jones, 549 U.S. at 211.

4    Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other

5    critical procedural rules, Woodford, 548 U.S. at 90, and the exhaustion requirement may not be

6    satisfied by filing an untimely or otherwise procedurally defective appeal, id. at 83-84 (quotations

7    omitted).  However, the failure to exhaust may be excused where the administrative remedies are

8    rendered unavailable.  Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1226.

9          In this instance, Plaintiff's argument that his failure to exhaust should be excused because

10   his appeals were lost and threats were made against him is unavailing.  First, Plaintiff's claim that

11   he submitted at least three appeals, one of which was timely, is not supported by any evidence

12   regarding the process he followed in submitting his appeals.  As a result, the Court is unable to find

13   that he complied with all the applicable rules. Woodford, 548 U.S. at 90-1.  Next, although Plaintiff

14   states he felt threatened and unsafe until he transferred to Salinas Valley State Prison, Plaintiff did

15   not submit any evidence regarding what was said to him or who made the threats, leaving the record

16   devoid of evidence demonstrating that the grievance process was rendered unavailable through staff

17   misconduct. Nunez, 591 F.3d at 1224.

18         Finally, dispositive of the issue is the evidence of Plaintiff's attempts to gain acceptance of

19   his August 30, 2006, appeal.  Nowhere in that appeal did Plaintiff state that it was late because he

20   submitted previous appeals which were lost or because he felt threatened while at Wasco State

21   Prison.  After the appeal was initially screened out, Plaintiff had the right to resubmit the appeal with

22   an explanation regarding why the decision to reject it was incorrect.  Although Plaintiff did resubmit

23   the appeal, he failed to include any additional information or argument concerning why the appeal

24   was late and why it should be accepted for review.

25         On October 22, 2006, Plaintiff drafted another appeal and sent it to Wasco State Prison.

26   Once again, the appeal did not include any information regarding appeals that were lost or threats

27   that were made against him.  Finally, in writing a letter to the Director's Level on April 4, 2007,

28   ///

1 seeking review of his appeal, Plaintiff said nothing about any timely appeals submitted but lost or

2 about threats made against him while he was still at Wasco State Prison.

3        In light of the evidence relating to Plaintiff's attempts to exhaust his claim via the appeals

4 dated August 30, 2006, and October 11, 2006, the Court finds that Plaintiff's assertion in his

5 opposition that he was prevented from exhausting because his timely appeals were lost and he was

6 threatened is not credible. Morton, 599 F.3d at 945; Wyatt, 315 F.3d at 1119-20. Plaintiff failed to

7 exhaust and his failure to do so is not excusable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at

8 1224. Therefore, this action must be dismissed.

9 **IV.**   **Conclusion and Recommendation**

10        For the reasons set forth herein, the Court finds that Defendants are entitled to dismissal of

11 the claim against Defendant Sandoval for failure to state a claim and are entitled to dismissal of this

12 action for failure to exhaust. Accordingly, the Court HEREBY RECOMMENDS that:

13       1.     Defendants' motion to dismiss, filed March 24, 2010, be GRANTED;

14       2.     Plaintiff's claim against Defendant Sandoval be dismissed, with prejudice, for failure

15               to state a claim; and

16       3.     This action be dismissed, without prejudice, for failure to exhaust.

17        These Findings and Recommendations will be submitted to the United States District Judge

18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

19 **days** after being served with these Findings and Recommendations, the parties may file written

20 objections with the Court. The document should be captioned "Objections to Magistrate Judge's

21 Findings and Recommendations." The parties are advised that failure to file objections within the

22 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

23 1153 (9th Cir. 1991).

24

25 IT IS SO ORDERED.

26 **Dated:**   __December 1, 2010__         __/s/ Sandra M. Snyder__
                                     UNITED STATES MAGISTRATE JUDGE

27

28